IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. 15-0246-WS |
| ) | |
| CHARLES ANDREW GOSS ) | |
| RICHARDS, ) | |
| ) | |
| Defendant. ) | |

# ORDER

This matter is before the Court on the defendant's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). (Doc.126).[1] After careful consideration, the Court concludes that the motion is due to be denied.

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that … extraordinary and compelling reasons warrant such a reduction … and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission ….

18 U.S.C. § 3582(c)(1)(A).

Relief under this provision, known as "compassionate release," thus requires satisfaction of four elements: (1) a proper motion; (2) a finding that extraordinary and compelling reasons for such relief exist; (3) a finding of consistency with Sentencing

---

[1] The defendant's embedded motion for relief under Amendment 821, (Doc. 126 at 4, 6), will be resolved by separate order.

Commission policy statements; and (4) favorable consideration of the Section 3553(a) factors.

## I. Proper Motion.

"[I]n order properly to exhaust, an inmate is required to present the same or similar ground for compassionate release in a request to the Bureau [of Prisons] as in a motion to the court." *United States v. Williams*, 987 F.3d 700, 703 (7th Cir. 2021).[2] The defendant appears to have submitted a request to his warden, seeking compassionate release based on the grounds asserted herein, and as to which the warden did not respond within thirty days. (Doc. 126 at 6, 9). The Court therefore assumes for present purposes that the defendant has satisfied this element.

## II. Extraordinary and Compelling Reason.

Congress delegated to the Sentencing Commission the task of "describ[ing] what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). The Sentencing Commission has done so. U.S.S.G. § 1B1.13(b). The extraordinary and compelling reasons listed therein are the only ones that can support compassionate release, and district courts lack power to develop others. *United States v. Bryant*, 996 F.3d 1243, 1247-48, 1264-65 (11th Cir. 2021). The defendant invokes Sections 1B1.13(b)(5) and (b)(6). (Doc. 126 at 1).

---

[2] This Court has previously reached the same conclusion. *United States v. Young*, 2022 WL 1487389 at *2 (S.D. Ala. 2022); *see also United States v. Lopez*, 2024 WL 1979437 at *1 n.3 (S.D. Ala. 2024) (collecting cases).

### A. Other Reasons.

Generally speaking, a defendant may establish an extraordinary and compelling reason for a reduced sentence if: (1) he is suffering from a terminal illness; (2) he is suffering from: a physical or medical condition; serious functional or cognitive impairment; or deteriorating physical or mental health due to the aging process, from which he is not expected to recover and which substantially diminishes his ability to provide self-care in a prison environment; (3) he is suffering from a medical condition requiring long-term or specialized medical care he is not receiving and without which he is at risk of serious deterioration or death; (4) he is at increased risk, unable to be adequately and timely mitigated, of severe medical complications or death from exposure to a public health emergency or outbreak of infectious disease; (5) he is at least 65 years old and is experiencing a serious deterioration in physical or mental health due to the aging process and has served a specified amount or percentage of his term of imprisonment; (6) he is the only available caregiver to a minor or incapacitated family member; or (7) he is a victim of sexual or physical abuse while in custody. U.S.S.G. § 1B1.13(b)(1)-(4). An extraordinary and compelling reason also exists if "[t]he defendant presents any other circumstance, or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)." *Id*. § 1B1.13(b)(5). The defendant invokes this "other reasons" provision. (Doc. 126 at 1).

The defendant states that: (1) he is on medication for attention-deficit/ hyperactivity disorder; (2) he has Tourette's Syndrome; and (3) he has obsessive-compulsive disorder. (Doc. 126 at 5). These conditions, to which his mother alluded briefly at sentencing, (Doc. 86 at 16-17), "continue to haunt [him] while in prison," although "psychology treatment has helped in some of these areas." (Doc. 126 at 5-6). Assuming for present purposes that these conditions exist in the present, there is no indication before the Court that they impact him in any manner approaching the obvious gravity of the circumstances set forth in Sections 1B1.13(b)(1)-(4).

### B. Unusually Long Sentence.

As of November 2023, the following may provide an extraordinary and compelling reason for compassionate release:

> UNUSUALLY LONG SENTENCE. – If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b)(6).

This provision includes the following requirements: (1) that the defendant have received an "unusually long sentence"; (2) that the defendant have "served at least 10 years of the term of imprisonment"; (3) that there have been a "change in the law"; and (4) that the change "would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed." If all those circumstances exist, the change in the law "may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only … after full consideration of the defendant's individualized circumstances."

The defendant was charged in a five-count indictment. Count One charged him with conspiracy to distribute methamphetamine. Count Two charged him with distributing methamphetamine, and Count Three charged him with discharging a firearm in connection with the drug trafficking offense charged in Count Two. Count Four charged him with carjacking, and Count Five charged him with discharging a firearm in connection with the carjacking offense charged in Count Four. (Doc. 1 at 1-3).

The defendant pleaded guilty to Counts One, Three, and Five. (Doc. 47; Doc. 48 at 1-2). The guideline range for Count One was 210 to 240 months.[3] The statutory minimum sentence for Count Three was ten years consecutive, with a maximum sentence of life. The statutory minimum sentence for Count Five was 25 years consecutive, with a maximum sentence of life. (Doc. 54 at 15-16). The Court imposed a low-end guideline sentence of 210 months on Count One, a consecutive mandatory minimum 120-month sentence on Count Three, and a consecutive mandatory minimum 300-month sentence on Count Five, for a total of 630 months. (Doc. 76 at 2).

The Court is prepared to assume that a sentence of 630 months is "unusually long" for purposes of Section 1B1.13(b)(6). However, the defendant was not arrested until November 2015 and was not sentenced until August 2016. (Docs. 6, 76). He therefore has not served at least ten years of his term of imprisonment. This is fatal to his invocation of subsection (b)(6).

The defendant identifies two purposed "change[s] in the law" to support his motion: (1) relying on *Wooden v. United States*, 595 U.S. 360 (2022), a prohibition on considering multiple firearm discharges in connection with multiple crimes on a single occasion as supporting multiple Section 924(c) offenses;[4] and (2), relying on *Dean v. United States*, 581 U.S. 62 (2022), permission to consider a mandatory minimum under Section 924(c) in calculating an appropriate sentence for the predicate offense. (Doc. 126

---

[3] The nominal guideline range was 210 to 262 months, but the statutory maximum sentence was 240 months.

[4] The defendant does not rely, as many have, on the non-retroactive change to Section 924(c) wrought by the First Step Act of 2018, which provides for a 25-year sentence only for a Section 924(c) offense that occurs after a conviction of a previous Section 924(c) offense has become final. 18 U.S.C. § 924(c)(1)(C)(i).

at 2-5).[5]  The Court has and offers no opinion regarding the validity of the defendant's arguments, but it pauses to explain why his motion based on them comes too early.

The defendant's first argument draws into question only his 300-month sentence as to Count Five.  Even were the defendant to prove successful as to this argument, his 330-month sentence as to Counts One and Three would remain undisturbed.  The defendant has served only about 112 months since his arrest, leaving about 218 months, or over 18 years, remaining on that sentence.  Even with full good time credits, the defendant has almost 14 years remaining to serve on Counts One and Three.

The defendant's second argument draws into question only his 210-month sentence as to Count One.  Even were the defendant to prove successful as to this argument, his 420-month sentence as to Counts Three and Five would remain undisturbed.[6]  Even with full good time credits, the defendant has over 20 years remaining to serve on such a sentence.

Other courts have found it inappropriate to consider a compassionate release motion that, even if granted, could not result in release for years to come.  *United States v. Brown*, 411 F. Supp. 3d 446, 453 (S.D. Iowa 2019); *United States v. Saelua*, 2021 WL 2229041 at *5 (D. Haw. 2021); *United States v. Gordon*, 2020 WL 2896910 at *3 (S.D. Ohio 2020).  The Court agrees.

### III.  Policy Statements

Even when extraordinary and compelling reasons for a sentence reduction exist, relief is statutorily prohibited unless the Court finds that "such a reduction is consistent

---

[5] The defendant also cites *United States v. Taylor*, 596 U.S. 845 (2022), and *United States v. Davis*, 588 U.S. 445 (2019), without explaining their relevance to his motion.

[6] There is no scenario under which the defendant could obtain relief under both arguments.  If the defendant succeeded on his first argument, reducing his total sentence to 330 months, the Court would not also reduce his 210-month sentence under Count One based simply on his 120-month sentence on Count Three.

with applicable policy statements issued by the Sentencing Commission ...." 18 U.S.C. § 3582(c)(1)(A). The Commission's policy statement includes the requirement that "the court determin[e] that the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 31242(g)." U.S.S.G. § 1B1.13(a)(2). The defendant has not addressed this element, and the Court is unable to conclude that the defendant, who fired multiple shots at a fleeing victim and wounded him by his conduct, no longer poses a danger to public safety.

## IV. Section 3553(a).

As noted, before granting compassionate release, a court must consider the Section 3553(a) sentencing factors to the extent applicable. The defendant has not meaningfully addressed these factors,[7] and the Court is unable to conclude that they favor a reduced sentence.

## V. Conclusion.

The defendant committed a serious drug offense, for which he received a low-end guideline sentence. The defendant also committed violent offenses, for which he received the statutory minimum consecutive sentences. He has served barely nine years of his resulting 52.5-year sentence, and he seeks release more than 37 years before his projected release date of April 22, 2062. Relief under his subsection (b)(6) arguments, even if successful, could not possibly occur for many years, and the defendant has shown neither an extraordinary and compelling reason for relief under subsection (b)(5) nor that he is no longer a danger to public safety and that the Section 3553(a) factors favor relief.

---

[7] The defendant is silent as to rehabilitation. He suggests that the conditions referenced in his subsection (b)(5) argument are relevant to the Section 3553(a) analysis, (Doc. 126 at 5), but he offers nothing beyond the bare existence of these conditions, which the Court knew of at sentencing and took into account in fashioning a sentence. (Doc. 54 at 14; Doc. 86 at 20).

For the reasons set forth above, the defendant's motion for compassionate release is **denied**.[8]

DONE and ORDERED this 10th day of March, 2025.

                                        s/ WILLIAM H. STEELE
                                        UNITED STATES DISTRICT JUDGE

---

[8] The defendant seeks appointment of counsel. (Doc. 126 at 6). "[T]here is no statutory or constitutional right to counsel for a § 3582(c)(2) motion ...." *United States v. Webb*, 565 F.3d 789, 795 (11th Cir. 2009). The same applies to motions for compassionate release. *United States v. Terry*, 2021 WL 3028780 at *1 (11th Cir. 2021). Because the defendant's arguments are not complex, and because the proper resolution of his motion is not fairly debatable, his request, construed as a motion for appointment of counsel, is **denied**.